**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | |
| **TAUNO MICHAEL JOHNSON,** | **Case No. 25-mj-00166** |
| **Defendant.** | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION**

The United States respectfully submits this memorandum in support of its oral motion for detention pending trial under 18 U.S.C. § 3142(f)(1)(E) (Felony Involving Possession or Use of a Firearm), as the Defendant, Tauno Michael Johnson, is charged with violating 18 U.S.C. § 922(g)(1) (Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year). The Defendant stands before this Court charged with illegally possessing a Bersa handgun, loaded with one .380 round in the chamber and seven rounds in the magazine.

The Defendant possessed this firearm despite having been convicted of two prior robberies in which he was armed with a firearm.[1] Specifically, in 2017, in Prince George's County, Maryland, the Defendant was sentenced to ten years' incarceration for a Robbery with a Dangerous Weapon conviction. Then, in February 2018, in Anne Arundel County, Maryland, the Defendant

---

[1] The Defendant was previously convicted of Robbery with a Dangerous Weapon in Prince George County, Maryland. Case No. CT161038X. On February 9, 2017, he was sentenced to ten years' imprisonment. The Defendant was convicted of Armed Robbery in Anne Arundel County, Maryland. C-02-CR-17-002481. On February 20, 2018, he was sentenced to twelve years' incarceration, all but eight of which were suspended.

was sentenced to 12 years incarceration (with all but eight suspended) for another Armed Robbery conviction. Notably, the defendant is still on probation for the Anne Arundel County Armed Robbery. (C-02-CR-17-00248). The United States requests that the Court consider the following points and authorities, as well as other information presented at the detention hearing, and order the Defendant to be detained pending trial.

## PROCEDURAL HISTORY

On August 23, 2025, the United States filed a complaint charging the Defendant with Unlawful Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1). On August 26, 2025, an initial appearance was held before the Honorable Magistrate Judge G. Michael Harvey. After the United States made a motion for pretrial detention, the Court set the detention hearing for August 29, 2025.

## FACTUAL BACKGROUND

On August 22, 2025, at approximately 4:26 p.m., United States Capitol Police Officer Seth Carll was parked in a police cruiser in the Unit Block of Constitution Avenue NW, Washington, DC. While Officer Carll was monitoring traffic, a maroon Mercury Tracer with heavy tinted windows and bearing Virginia Temporary tag # A72170 drove by. Officer Carll knew that Virginia's alphanumerical sequence was, to-date, much higher than "A," so he ran a Washington Area Law Enforcement System (WALES) check on the tag, which revealed that the tag expired on April 25, 2025.

Officer Carll followed the Tracer into the 100 block of Constitution Avenue NE where he activated his lights and sirens. Approximately three-quarters of a block later, the car came to a stop at the corner of Maryland Avenue and Constitution Avenue NE. Officer Carll approached the driver's side of the car, where an individual later identified as the Defendant was seated. The

Defendant was the sole occupant of the vehicle, and as Officer Carll approached, he placed his hands outside the window with him palms out.

During the stop, the Defendant explained to Officer Carll that he purchased the vehicle with the tags affixed two weeks prior for $1,600. The Defendant provided a Maryland learner's permit to Officer Crall, but did not have proof of registration or insurance. Officer Carll asked the Defendant about his recent arrests, and the Defendant responded that he was on probation for an Armed Robbery. A WALES check of the Defendant confirmed his active learner's permit and his active probation.

Officer Carll also conducted a VIN check of the Mercury Tracer, which revealed it was not registered in DC, Maryland, or Virginia. Officer Carll then ordered the Defendant to turn off the car and get out of the vehicle. After some hesitation, the Defendant complied. As the Defendant exited the vehicle, Officer Carll removed a clip-on knife from the Defendant's pocket. After explaining the proper way to buy and register a car, Officer Carll explained to the Defendant that the Mercury Tracer would be impounded because it was outside of a government building, had an expired registration, and there was no licensed driver with the Defendant.

Officer Carll conducted an inventory search of the vehicle prior to it being towed to the impound lot. In the glove compartment, Officer Carll found a black and silver pistol with the hammer cocked back. The pistol was positioned with the muzzle facing the engine block and the backstrap facing outwards.



**Figure 1: the firearm in the glove box**

The Defendant was placed under arrest at approximately 4:57 p.m. and transported to US Capitol Police Headquarters for processing. The Mercury Tracer was towed to a secure lot.

US Capitol Police Crime Scene Technicians responded, documented the scene, and recovered the pistol. The firearm was recovered and discovered to be a Bersa Thunder 380 handgun, with serial # A56660.  It was loaded with one round in the chamber and seven rounds in the magazine, which was capable of holding eight rounds. The firearm was not registered in the District of Columbia.



**Figure 2: the recovered firearm and ammunition**

## ARGUMENT

Under the Bail Reform Act, if the Court determines that "no condition or combination of conditions will reasonably assure the appearance of [a defendant] as required and the safety of any other person and the community," the Court shall order a defendant held pending trial. 18 U.S.C. § 3142 (e). The Act provides however, for certain crimes, that there is a rebuttable presumption that no conditions or combination of conditions will assure the safety of the community. *Id.*

In determining whether any condition or combinations of conditions will assure the safety of the community, in light of any applicable presumptions, the Court weighs four factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to

any person or the community that would be posed by his release. 18 U.S.C. § 3142(g).

In making this determination, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f). Specifically, the presentation of hearsay evidence is permitted, and the United States may proceed by proffer. *United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996). Moreover, the United States is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use." *United States v. Martir*, 782 F.2d 1141, 1145 (2d Cir. 1986); *see also United States v. Williams*, 798 F. Supp. 34, 36 (D.D.C. 1992). A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues. *See Smith*, 79 F.3d at 1210; *Williams*, 798 F. Supp. at 36.

The United States seeks detention pursuant to 18 U.S.C. § 3142(f)(1)(E) (felony involving a firearm). A review and understanding of the facts and circumstances in the instant matter demonstrate that there are no conditions or combination of conditions that would ensure the Defendant's appearance and the safety of the community. *See* 18 U.S.C. § 3142(e)(1). Accordingly, the Court should detain the Defendant pending trial.

## I.    <u>The Nature and Circumstances of the Offense Support Detention.</u>

The first factor to be considered, the nature and circumstances of the offense charged, weighs in favor of detention. The Defendant is charged with a serious offense carrying a significant penalty. For violating 18 U.S.C. § 922(g), the Defendant faces a maximum sentence of up to 15 years imprisonment pursuant to 18 U.S.C. § 924(a)(8). Here, the evidence is compelling and clearly shows that the Defendant possessed a loaded firearm in the glove compartment of the vehicle he was driving without a valid driver's license.

The status of the weapon when it was found is further cause for concern. The firearm was loosely stored in the glove compartment of the Defendant's vehicle. Moreover, the hammer of the firearm was cocked back, and the firearm was loaded with one round in the chamber and seven rounds in the magazine. In other words, it was primed and ready to use.

Additionally, at the time of this offense, the Defendant was on probation for Armed Robbery. (C-02-CR-17-002481). The danger posed by this behavior is exactly why the Bail Reform Act contemplates pretrial detention for this charge. *See United States v. Cole*, 459 F. Supp. 3d 116, 120 (D.D.C. 2020) (J. McFadden) (finding that, in the context of determining the nature and circumstances of the offense, a felon "carrying a loaded firearm—especially if the carrier has a violent history, including a conviction for armed robbery—has the great potential to escalate into violence."). Therefore, this factor weighs heavily in favor of detention.

## II. The Weight of the Evidence Against the Defendant is Strong.

The second factor to be considered, the weight of the evidence, also weighs in favor of detention.[2] The Government's case against Defendant is strong. The Defendant was the sole occupant of the vehicle that the firearm was recovered in. Additionally, the Defendant claimed ownership of the vehicle, stating that he purchased the vehicle two weeks prior. The firearm was

---

[2]     This factor should be equally weighed. In *United States v. Blackson*, following a thorough review of the text of § 3142 and decisions analyzing this factor, then Chief Judge Howell found that "the weight of the evidence should not automatically be weighed less than the remaining statutory pretrial detention factors." No. 23-CR-25, 2023 WL 1778194, at *8 (D.D.C. Feb. 6, 2023). Instead, "the weight of the evidence against [a] defendant [should] be weighed as all factors are—in accordance with the specific facts of this case—to determine whether pretrial detention is appropriate." *Id.* at *10. In an unpublished opinion, the D.C. Circuit affirmed Judge Howell's decision. *United States v. Blackson*, No. 23-3020, 2023 WL 2663034 (D.C. Cir. Mar. 28, 2023). The Second Circuit reached the same decision after a thorough and careful analysis of the issue. *United States v. Zhe Zhang*, 55 F.4th 141, 149-150 (2d Cir. 2022). The Court should follow *Blackson* and *Zhang;* this factor should be given no less weight than any other factor.

recovered in the glove compartment. The firearm was positioned with the muzzle facing the engine block, easily accessible to the driver of the vehicle. Therefore, the strength of the evidence against Defendant weighs in favor of detention.

**III. The Defendant's History and Characteristics Merit Detention.**

The third factor, the Defendant's history and characteristics, weighs in favor of detention because the Defendant has a history of unlawfully possessing firearms and violent behavior.

In 2018, the Defendant was previously convicted in Annapolis, Maryland for Armed Robbery. (C-02-CR-17002481). He was sentenced to twelve years of incarceration with eight years suspended and three years of probation. According to the Application for Statement of Charges, the Defendant entered a Shell gas station posing as a customer and approached the register with a drink. The Defendant pointed a revolver at the Shell employee and threw a bag onto the counter for the employee to put money into. Ultimately, $800 was stolen from the Shell gas station.

Notably, the Defendant was on probation for this Armed Robbery conviction at the time of the present offense. As part of the Defendant's conditions of parole, the Defendant was banned from possessing any dangerous weapons or firearms and was required to obey all laws. *See* Exhibit 1 at 2. Both of those conditions were violated by the Defendant's present conduct. The Defendant's inability to follow probation's rules of supervision should give this Court serious pause about whether the Defendant will follow any rules imposed by this Court pending trial.

In 2017, the Defendant was sentenced to ten years of confinement for Robbery with a Deadly Weapon in Prince George County, Maryland. (CT161038X). According to the Application for Statement of Charges, the Defendant entered a Sunoco store and posed as a customer. When store employees opened the cash register to complete a transaction, the Defendant brandished a

silver revolver and pointed it at the employees. The Defendant then jumped over the register and took approximately $2,000 from the employees and fled the scene.

The Defendant's prior convictions demonstrate the Defendant's inability to avoid firearms and a pattern of violent behavior involving not just the possession of firearms, but the brandishing of a firearm.

It is also worth noting that at the time of the present offense, the Defendant did not possess a valid license and the vehicle's registration was expired. While these violations may seem minor – especially considering the Defendant's more serious convictions – they demonstrate the Defendant's inability to follow basic rules. Therefore, the history and characteristics of the Defendant weigh in favor of detention.

## IV. The Defendant Presents a Danger to Our Community.

The fourth and final factor, the danger to any person or the community posed by Defendant's release, similarly weighs in favor of detention. Despite knowing he was a convicted felon, Defendant possessed a loaded firearm, with a round chambered. The state of readiness of that firearm demonstrates that Defendant was ready, willing, and able to commit another crime against members of the community. *United States v. Washington*, 907 F. Supp. 476, 486 (D.D.C. 1995) ("[P]ossession by a felon of a fully loaded semi-automatic pistol suggests that the defendant presents an extreme safety risk to the public.").

As previously addressed above, the Defendant exhibits a pattern of violent, firearm related offenses from his Armed Robbery and Robbery with a Deadly Weapons convictions in Maryland. Therefore, this factor weighs in favor of detention.

## CONCLUSION

For all the foregoing reasons, the Government respectfully requests that the Court detain the Defendant pending trial on these charges.

Respectfully submitted,

JEANINE FERRIS PIRRO

UNITED STATES ATTORNEY

By:    */s/ Jessica Bove*
Jessica Bove
Assistant United States Attorney
PA Bar No. 328892
601 D Street NW
Washington, DC 20579
(202) 252-7566
Jessica.Bove@usdoj.gov